

WWW.RIVKINRADLER.COM

**JENNIFER ABREU**
(516) 357-3218
jennifer.abreu@rivkin.com

June 8, 2020

**VIA ECF**

Honorable Lois Bloom
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Government Employees Insurance Co. et al. v. Direct Rx Pharmacy Inc. et al.*
          Docket No. 1:19-cv-05876 (FB)(LB)
          RR File No.:  005100-02615

Dear Chief Magistrate Judge Bloom:

We are counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO"). Pursuant to Local Rule 37.3(c), Plaintiffs respectfully move for an order compelling Defendants Richard Jay Apple, M.D. ("Dr. Apple") and Jean-Pierre Georges Barakat, M.D. ("Dr. Barakat") ("collectively, the "Defendants") to serve responses to GEICO's First Set of Interrogatories and Request for Production of Documents (collectively, the "Discovery Demands") which GEICO served on Defendants on March 3, 2020. Copies of GEICO's Discovery Demands are annexed hereto as **Exhibit "A"**. Plaintiffs made repeated efforts to obtain responses from the Defendants to the Discovery Demands, all to no avail.

On April 20, 2020, Plaintiffs granted Defendants' request for an extension to May 8, 2020 to respond to Plaintiffs' Discovery Demands. However, Defendants ignored the extension granted and failed to respond by May 8, 2020.  Defendants also ignored Plaintiffs' first follow-up letter of May 18, 2020 requesting prompt responses to the Discovery Demands. On May 27, 2020, Plaintiffs' follow-up email demanded that Defendants respond to the Discovery Demands by June 3, 2020, otherwise, Plaintiffs would be compelled to seek court intervention.

Plaintiffs held off filing this motion to compel until today based on Defendants' telephone call indicating that their written responses would be filed by June 5, 2020. Once again, the Defendants disregarded their requested extension and failed to respond to Plaintiffs' Discovery Demands. (Copies of all correspondences are annexed hereto as **Exhibit "B"**).

## I.     General Background

Honorable Lois Bloom
June 8, 2020, Page 2

In this action, GEICO alleges that the Defendants, through Direct Rx Pharmacy Inc. ("Direct Rx"), stole approximately $548,369.00 from GEICO by submitting thousands of fraudulent No-Fault insurance charges seeking reimbursement for pharmaceutical products – including topical compounded pain creams, topical pain gels, and topical pain patches (collectively, the "Fraudulent Pain Products") – to which they were not entitled to. The charges were fraudulent in that Dr. Apple, Dr. Barakat and other healthcare providers entered into illegal, collusive agreements with Direct Rx Pharmacy Inc. and its owner, Rafo Yaguda a/k/a Rafail Yagudayev and former supervising pharmacist, Robert Yakutilov (collectively, the "Pharmacy Defendants"), to prescribe the Fraudulent Pain Products without regard to genuine patient care and pursuant to predetermined protocols designed to financially enrich the Defendants. Defendants Dr. Apple and Dr. Barakat prescribed the Fraudulent Pain Products in exchange for kickbacks and other incentives from the Pharmacy Defendants, often using labels and rubber stamps supplied to them by the Pharmacy Defendants in violation of law.

Based on these allegations, among others, Plaintiffs assert civil RICO, common law fraud, unjust enrichment and aiding and abetting claims. See Docket No. 1. Plaintiffs also seek a declaratory judgment to the effect that it is not liable to pay any of Direct Rx's pending fraudulent claims totaling approximately $1.5 million. Id.

## II.   **Argument**

GEICO has alleged – among other things – that Defendants perpetuated and engaged in a scheme to defraud GEICO out of millions of dollars by submitting bills for Fraudulent Pain Products pursuant to illegal kickback arrangements and fraudulent protocols. GEICO has provided Defendants with ample time to provide responses to its Discovery Demands. Defendants are deliberately delaying and evading its discovery obligations in this case.

The Discovery Demands served by GEICO are material and relevant to this action and the information sought is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see United States ex rel. Rubar v. Hayner Hoyt Corp., 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. 2018).  It is well-settled that "[r]elevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164 at *7 (S.D.N.Y. 2015) (quoting Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)); see Sky Med. Supply Inc. v. SCS Support Claim Servs., 2016 U.S. Dist. LEXIS 121215 (E.D.N.Y. 2016); see also Forsythe v. Midland Funding LLC, 2019 U.S. Dist. LEXIS 856 (E.D.N.Y. 2019). It is axiomatic that "[i]nformation is relevant if: '(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386 (quoting Fed. R. Civ. P. 401) (S.D.N.Y.  2016).

This Court generally has found insurer's discovery requests to be relevant under analogous circumstances. See, e.g., Gov't Employees Ins. Co. et al. v. Five Boro Psychological Services, P.C. et al., E.D.N.Y. Docket No. CV 12-2448 (JG)(VMS)(Scanlon, MJ) at May 24, 2013 Docket Entry;

Honorable Lois Bloom
June 8, 2020, Page 3


Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962 at * 4 - * 5 (E.D.N.Y. Dec. 4, 2012); State Farm Mutual Auto. Ins. Co. et al. v. Eastern Med., P.C. et al., Docket No. CV 05-3804 (ENV)(RML) at March 21, 2007 Minute Entry (Court ordered disclosure of professional corporations' bank records, holding that the "requested financial information will assist plaintiffs in identifying more fully the nature and scope of the alleged fraud scheme and in gathering admissible evidence at trial").

Further, as a result of the Defendants' complete failure to timely respond to Plaintiffs' Discovery Demands – Defendants have waived any objections they otherwise might have had to the demands. See, e.g., Carl v. Edwards, 2017 U.S. Dist. LEXIS 156378 at * 18 (E.D.N.Y. 2017); Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. 2009).

Accordingly, Plaintiffs respectfully request that the Court issue an Order compelling Defendants Dr. Apple and Dr. Barakat to provide complete responses to Plaintiffs' Discovery Demands and produce all responsive documents, waiving all non-privileged objections. We appreciate the Court's attention to this matter.


Respectfully submitted,

Very truly yours,

RIVKIN RADLER LLP
*s/ Jennifer Abreu*
Jennifer Abreu


CC:     All Counsel Via ECF